Estate of Lily Koster, Eugene Koster, Co-Executor v. Commissioner.
Estate of Koster v. Commissioner
Docket No. 45972.
United States Tax Court
T.C. Memo 1954-191; 1954 Tax Ct. Memo LEXIS 54; 13 T.C.M. (CCH) 1031; T.C.M. (RIA) 54297; November 10, 1954, Filed *54 Melvin A. Albert, Esq., 170 Broadway, New York, N. Y., for the petitioner. Donald J. Fortman, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $6,833.92 in estate tax. The only issue for decision is whether the Commissioner erred by including in the gross estate $37,273.39 to represent transfers made by the decedent for the benefit of her two minor sons. Findings of Fact The decedent died on July 17, 1948. The estate tax return was filed with the collector of internal revenue for the first district of New York. The husband of the decedent predeceased her. They had four children - two daughters and two sons. One son was born on March 1, 1934 and the other was born on April 1, 1935. The husband left larger portions of his estate to his daughters than to his sons. He had planned to equalize their shares but died suddenly before it was accomplished. His wife, the present decedent, discussed the discrepancies after her husband's death with his brother and with her two daughters and decided to purchase securities for the two minor sons in order to equalize their property interests. She bought in *55 the latter part of 1943 and the early part of 1944, upon the advice of her brother-in-law, 350 shares of 6% Cumulative Preferred Stock of the General Linen Supply and Laundry Co., Inc. Certificates for 175 shares were issued in her name as trustee for each son. She intended that these shares should belong to her sons absolutely but had the certificates issued in the form just described because the sons were minors. The decedent, in 1940, had opened a savings account in her name in trust for each of her sons. Quarterly dividends on each block of preferred stock above mentioned were deposited in the savings account of the son whom the shares belonged. The total amount of dividends deposited in each of those accounts from December 29, 1943 to April 2, 1948 was $5,050. The decedent withdrew $1,400 from each of those accounts in 1945, $1,975 from each in 1946, and $600 from each on June 2, 1947. The dividend income was needed for the boys. The decedent, on the advice of her brother-in-law, turned in 200 shares of the stock to the corporation for redemption at $100 per share on July 6, 1948. Her intention was to reinvest the proceeds in other more desirable securities for the two boys. *56 She died before receiving the proceeds for which checks were issued by the corporation on January 10, 1949. The decedent's two daughters were later appointed testamentary guardians for her two minor sons and they took over the 150 shares of stock and the two checks for $10,000 each. The decedent did not file any gift tax return as a result of the gifts to her two sons. She filed no fiduciary income tax returns for them and no individual income tax returns were filed for them for the years 1943 through 1947. The Commissioner, in determining the deficiency, included in the gross estate $2,273.39, representing the balances in the savings accounts, $15,000 representing the fair market value at the date of death of the 150 shares of 6% Cumulative Preferred Stock of General Linen Supply and Laundry Co., Inc., and $20,000 representing the proceeds from the redemption of the 200 shares of that stock. The decedent at the time of her death owned no interest in the property thus included by the Commissioner in her gross estate. The transfers of the shares in 1943 and 1944 were not revocable transfers; were not made in contemplation of her death or intended to take effect in possession *57 or enjoyment at or after her death; and were not transfers under which she retained for her life or for any period not ascertainable without reference to her death, or for any period which did not in fact end before her death, the possession or enjoyment of or the right to the income from the property or the right either alone or in conjunction with any person to designate the persons who should possess or enjoy the property or the income therefrom. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner argues that the shares of stock and the money in the savings account represented the corpus of trusts established by the decedent, the terms of which had not been shown, and therefore there is a failure of proof to show that he erred in including the values in the gross estate. The evidence shows, however, that the decedent fully intended to make complete present transfers of the shares to her sons in 1943 and 1944 when she purchased the shares. She did not obtain legal advice but she did make clear to her two daughters, whose interests were adverse to those of her minor sons, and to others who were advising her, that the shares *58 of stock were to belong to the two sons. She deposited the dividends in separate savings accounts for the benefit of the sons. She withdrew large amounts from the savings accounts, and although the record is not entirely clear that she never used any of it for her own benefit, there is testimony from her brother-in-law, who was her advisor, that the income from the securities was needed for the boys. There is no evidence to the contrary or to show that she ever used any of the withdrawals for her own personal use or benefit. The conclusion has been reached that the stock and the balances in the accounts belonged to the two minor sons and not to the decedent at the time of her death, and, further, that the value of those items was not properly a part of the decedent's gross estate. Decision will be entered under Rule 50.